IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENTON K. F, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1449-BN |
| | § | |
| ANDREW SAUL, Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Judith O. K., on behalf of Brenton K. F., deceased, seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

For the reasons explained below, the hearing decision is reversed.

## **Background**

Plaintiff alleges that her husband, Brenton, was disabled due to a variety of ailments. After his application for disability insurance benefits was denied initially and on reconsideration, he requested a hearing before an administrative law judge ("ALJ"). That hearing was held on February 22, 2018. *See* Dkt. No. 10-1 at 31 - 69 (Administrative Record ("AR") at 28 - 66) (Hearing Transcript).

At the time of the hearing, Brenton was 59 years old. He was a college graduate and had past work experience as a leasing and sales agent. Brenton had not engaged in substantial gainful activity during the period from the alleged onset date of January 1, 2012 through the date last insured of June 30, 2012.

1

The ALJ found that Plaintiff was not disabled during the applicable period and therefore not entitled to disability benefits. *See id.* at 18 - 26 (AR at 15 - 23) (Decision). Although the medical evidence established that through the date last insured Brenton suffered from chronic pain syndrome, degenerative disc disease of the lumbar spine, and cervical spondylosis, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that, through the date last insured, Brenton had the residual functional capacity to perform his past relevant employment as a leasing and sales agent.

Brenton appealed that decision to the Appeals Council. The Council affirmed.

Brenton then filed this action in federal district court. Plaintiff contends that the hearing decision is not supported by substantial evidence and results from reversible legal error.

More particularly, Plaintiff argues that: (1) the finding that Brenton could perform past relevant work was based on an improper hypothetical question to the vocational expert; (2) the ALJ failed to explain why Brenton's neck and back impairments did not satisfy Listing 1.04; and (3) the ALJ improperly rejected the opinions of Brenton's treating physicians.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or

mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ relied on an incomplete hypothetical at Step 4.[1] Specifically, Plaintiff argues that the ALJ's decision rests on vocational expert ("VE") testimony that failed

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

to account for the postural, manipulative, and environmental limitations identified by the ALJ in his decision.

At the hearing, the ALJ called a VE to help determine if Brenton was capable of performing his past relevant work. *See Greenspan v. Shalala,* 38 F.3d 232, 239 (5th Cir. 1994) (affirming determination, based in part on testimony of vocational expert, that claimant was able to perform past relevant work).

The ALJ asked the VE to consider a hypothetical person who was the same age and with the same education and work history as Brenton and who had limitations consistent with "medium" work, with postural, environmental, and manipulative limitations. *See* Dkt. No. 10-1 at 51-52 (AR at 54-55); 20 C.F.R. § 404.1567(c) (defining medium work). Those limitations included occasional balancing, crawling, and overhead reaching on the left; occasional exposure to unprotected heights or vibration; and frequent climbing, stooping, kneeling, and crouching. *See id.* The VE responded that such a person could perform Brenton's past work as a leasing and sales agent. *See id.* at 58 (AR at 55).

The ALJ then asked the VE to consider a hypothetical individual with the same limitations but who could lift no more than twenty pounds occasionally and who was off task 5% of the workday. *See id.* at 62-63 (AR at 59-60). The VE responded:

> If the two limitations are lifting of 20 pounds maximum and off task 5%, that would not preclude, in my opinion, the leasing or sales agent, *if those were the only two limitations*.

*Id.* at 63 (AR at 60) (emphasis added).

The ALJ found that Brenton had the residual functional capacity to perform a limited range of light work. The ALJ limited Brenton to light work activity, in which Brenton would remain off task for 5% of the time in an eight-hour work day, with occasional balancing, crawling, and overhead reaching on the left, occasional exposure to unprotected heights or vibration, and frequent climbing, stooping, kneeling, and crouching. *See* Dkt. No. 10-1 at 22 (AR at 19).

The ALJ then found that Brenton was capable of performing his past relevant work as a leasing and sales agent. *See id.* at 26 (AR at 23). The ALJ referred only to the VE's testimony to explain this determination. *See id.* at 25-26 (AR at 22-23).

The ALJ may rely on the VE's responses to hypothetical questions only when the hypothetical question "'incorporates reasonably all disabilities of the claimant recognized by the ALJ.'" *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (quoting *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)). According to the ALJ, "[t]he VE assumed that this individual could perform" the limited range of light work in the ALJ's RFC finding, including postural, manipulative and environmental limitations, and "[t]he VE testified that this individual could perform the claimant's past work." Dkt. No. 10-1 at 26 (AR at 23).

The ALJ was not required to use VE testimony to determine whether Brenton could return to past relevant work. *See, e.g., Williams v. Califano*, 590 F.2d 1332, 1334 (5th Cir. 1979). But he did. And, when the ALJ chooses to rely on the VE's testimony, that reliance must be predicated on a hypothetical question that accurately reflects all of the claimant's limitations – even in step-four decisions. *See Oroosco v. Comm'r of Soc. Sec. Admin.,* 171 F.

Supp. 3d 539, 577 (E.D. Tex. 2016); *Piccolella v. Astrue*, No. 3:09-cv-696-M, 2010 WL 1050145, at *3 (N.D. Tex. Mar. 18, 2010); *Glenn v. Massanari*, No. 3:01-cv-576-D, 2001 WL 1135401, at *6-*7 (N.D. Tex. Sept. 14, 2001).

Here, it is unclear whether the VE misheard or misunderstood the ALJ's hypothetical question, but the VE interpreted the question to consist of lifting no more than twenty pounds and being 5% off task as "the only limitations." As a result, the VE was responding to a defective hypothetical question. And, when an ALJ relies on testimony elicited by a defective hypothetical question, the Commissioner does not carry his burden to show that, despite a claimant's impairments, a claimant could perform past relevant work. *See Boyd*, 239 F.3d at 708.

Because the ALJ might have reached a different decision if he had elicited and relied on testimony responding to a proper hypothetical question (or, at least, had not relied on the testimony elicited by a defective hypothetical question), the ALJ's reliance on the VE's response to a flawed hypothetical question is reversible error. *See, e.g., Farley v. Colvin*, No. 1:15-cv-1282, 2016 WL 4543113, at *7 (N.D. Ohio Aug. 31, 2016) (remanding where VE misconstrued hypothetical question as omitting stopping restrictions); *Wollman v. Colvin*, No. 13-cv-37-CJP, 2013 WL 5700975, at *8 (S.D. Ill. Oct. 18, 2013) (remanding where "the VE thought the ALJ limited plaintiff to occasional, rather than no, lifting of the arms higher than shoulder level"); *Rogers v. Colvin*, No. ED CV 13-1294 JCG, 2014 WL 996487, at *1 (C.D. Cal. Mar. 12, 2014) (remanding where "VE either misheard or misinterpreted the ALJ's question" as limiting plaintiff to no more than four hours instead of two hours of walking).

## Conclusion

The hearing decision is reversed, and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: September 29, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE